Stone agt. Smith.

ton county, where he had ever since resided; that no writ of *scire facias* or notice or proceeding whatever to revive the judgment was ever served on him, and he knew nothing of any such proceedings until in February last. He also stated that he owned real estate, more than sufficient in value to pay and satisfy the claim in this suit.

Defendants' counsel moved to set aside the judgment as against Orrin E. Harris, or that he be allowed to [*117] come in and defend. Also to set *aside the proceedings on the *scire facias* as irregular, on the ground that the defendants resided in this state, at the time of publication of the notice, and should have been personally served with the *scire facias*.

O. CLARK, *defendants' counsel*.

H. B. NORTHRUP, *defendants' attorney*.

JOHN NEWLAND, *plaintiffs' counsel and attorney*.

———————◄•••►———————

ALBERT G. STONE *et al.* agt. ELIJAH SMITH.

A judgment debtor may redeem premises sold at a sheriff's sale, by the payment of property or securities *other than money*, where it is agreed to be received for such purpose by the purchaser.

*April Term,* 1846.

MOTION by defendant to set aside or vacate a sheriff's deed.

On the 26th of March, 1844, all the interest of the defendant, Elijah Smith, in a farm of land in Tompkins county, was sold on an execution issued on a judgment docketed in the clerk's office of Tompkins county, October 6, 1841, in favor of the plaintiffs against the defendant, Elijah Smith, for $147.65 cents, damages and costs. On the 24th February, 1843, Elijah Smith conveyed all his interest in the farm to his brother George W. Smith. On the sale of the farm by the sheriff of Tompkins county, on the 26th of March, 1844, the plaintiffs became the purchasers, for the amount due on their judgment. On the 25th of March, 1845, one day before the year expired, Elijah and George W. Smith made an arrangement with Stone, one of the plaintiffs, who had the principal management of the matter, to redeem the farm by giving Stone, in lieu of so much money, a note drawn by one Benjamin Smith, and indorsed by Cyrus Beers, for $60, payable in six months; $19 was allowed to Elijah Smith which had been paid by him to the attorney of the plaintiffs *before judgment, and the balance on the sale, Stone    [*118] agreed to take in *flax seed,* to be delivered to him after it should be harvested, by George W. Smith.

The Tompkins County Bank claimed to redeem the premises as assignees of a mortgage executed by Elijah Smith and Van Auken Smith, on the 8th of October, 1841, to one Wm. H. Mann, of New York, for the consideration of $3,000 ; and also as the assignees of a judgment rendered against Elijah Smith in favor of Timothy S. Williams and Joseph E. Shaw, before a justice of the peace, on the 6th January, 1843, for $28.16, damages and costs, and docketed in Tompkins county clerk's office, on the 9th January, 1843. The bank upon these incumbrances redeemed and took a deed from the sheriff, which was recorded, June 27, 1845.

It was shown by defendant's papers that the note given to Stone by the Smiths was paid at maturity, and the flax seed delivered or offered to be delivered to Stone in accordance

with the previous arrangement, but Stone refused to receive them for that purpose, only on deposite until the question of redemption by the bank was settled.

·The papers in opposition to the motion explained fully the manner in which the mortgage lien was created, and also the justices' judgment upon which the bank claimed to redeem.

The moving papers stated that the consideration for which the mortgage was given was in litigation in the court of chancery and yet undetermined, although it appeared from the papers that the vice chancellor had decreed the amount of the mortgage against the Smiths, and they had appealed to the chancellor.

There were also objections taken by Smith as to the regularity in point of form merely, as to the redemption by the bank.

S. B. CUSHING, *defendant's counsel.*

CUSHING & HUMPHREY, *defendant's attorneys.*

G. B. WALBRIDGE, *counsel for bank.*

B. G. FERRIS, *attorney for bank.*

BEARDSLEY, Justice. Motion granted on the ground suggested at the hearing, that is, that the judgment debtor duly redeemed the land sold. The judgment and mortgage alleged to be owned by the bank are still liens on the land, if they are valid, and the bank can proceed upon them to recover what is due.

Motion granted without costs to either party.